IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY K. O'ROURKE,

    Plaintiff,

v.                                                                                 Civ. No. 13-193-RHS/ACT

NORTHERN NEW MEXICO COLLEGE,
SUSAN PACHECO, and NANCY BARCELO,

    Defendants.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Nancy K. O'Rourke, by and through her attorneys, JONES, SNEAD, WERTHEIM & CLIFFORD, P.A., and for her First Amended Complaint for discrimination states the following:

1. This is an action for discrimination on the basis of sex and race, and for retaliation, in violation of Title VII; and for violation of the Equal Pay Act (EPA).

2. Ms. O'Rourke is a resident of Rio Arriba County, New Mexico.

3. Defendant Northern New Mexico College ("NNMC") is a four-year, degree granting institution with campuses in Española, New Mexico and El Rito, New Mexico.

4. Defendant Dr. Nancy Barcelo was the president of NNMC during the pertinent time period described in this Complaint.

5. Defendant Susan Meredith, f/k/a Susan Pacheco, held the position of Chief of Staff during the pertinent time period described in this Complaint.

6. All relevant actions took place in New Mexico.

7. Jurisdiction and venue are proper in this court.

### Administrative Proceedings Preceding This Complaint

8. Ms. O'Rourke first filed a charge of discrimination in August of 2011.

9. On November 29, 2012, the U.S. Equal Employment Opportunity Commission informed Ms. O'Rourke that it was terminating its investigation based on the belief that further investigation would not necessarily result in a finding of discrimination.

10. Ms. O'Rourke timely filed her Complaint for discrimination before this Court on February 28, 2013.

**Factual Background and Substantive Allegations**

11. Ms. O'Rourke was employed as the Director of Human Resources at the Española campus of NNMC beginning in 2007.

12. Ms. O'Rourke's initial salary was approximately $52,000. An administrative increase raised that salary to $53,134 the following year. Ms. O'Rourke did not receive another raise during her tenure at NNMC.

13. At least twice, NNMC contracted with an outside firm to conduct a salary survey. Both of these salary surveys revealed that NNMC had problems with discrepancies in salaries paid to women, which salaries were inappropriately lower than those paid to men.

14. Review of salary ranges also indicated that Ms. O'Rourke's salary was "out of sync" with other equivalent professionals, at NNMC and generally.

15. In 2010, Ms. O'Rourke was promised that the deficiency would be corrected, at least partly, by a budgeted salary increase for her position to $65,000. This raise was to take effect for the fiscal year beginning July 1, 2010.

16. The raise did not materialize at that point. Ms. O'Rourke was told by Susan Meredith (then Susan Pacheco), hired as comptroller and promoted to Chief of Staff of NNMC, that the increase had been blocked by Dr. Nancy Barcelo, who had been named the

president of NNMC. Ms. Pacheco promised Ms. O'Rourke that the raise would be effective on January 1, 2011.

17. When the raise again did not materialize in January, Ms. Pacheco again told Ms. O'Rourke that Dr. Barcelo, the president of the college, had blocked the raise citing budgetary concerns and that she would receive the raise on July 1, 2011.

18. During this time period that Ms. O'Rourke's raise ostensibly could not be given due to budgetary reasons, other individuals were granted significant raises. With regard to being given such raises Hispanic men were disproportionately favored.

19. At this time Ms. O'Rourke began to be subjected to increasing harassment, including repeated allegations of professional failures. Although Ms. O'Rourke asked for specific details so that she could substantively respond to the allegations against her, she was not given the opportunity to do so.

20. On August 30, 2011, Ms. O'Rourke filed a complaint with the New Mexico Human Rights Bureau alleging discrimination on the basis of sex and race.

21. Only two weeks later, on September 16, 2011, Ms. O'Rourke was told that she was being removed from her position was being terminated, without any reason being given. Ms. O'Rourke was informed that she would be moved to a "Special Projects" position.

22. On September 19, 2011, Ms. O'Rourke was informed that she would not be permitted to used sick leave to visit a doctor, although other employees were consistently permitted to do so.

23. The harassment and related issues caused Ms. O'Rourke significant stress resulting in serious emotional and physical harm. As a result of these issues, on September 19, 2011,

Ms. O'Rourke requested leave under the Family Medical Leave Act to attend to her serious personal health issues.

24. When Ms. O'Rourke attempted to return from her leave, she was told that she was being put on paid administrative leave. Ms. O'Rourke was kept on leave of various kinds until January 3, 2012.

25. While she was on leave, Ms. O'Rourke was asked to perform certain duties falling within the purview of the Director of Human Resources, the position she had been told she no longer occupied.

26. When Ms. O'Rourke was permitted to return to work, she had been demoted and her former part-time assistant had become Ms. O'Rourke's supervisor. She had also been moved into a converted closet in the basement of the building and was denied access to various necessities of her job, such as a reasonably accessible photocopier and the ability to make long-distance telephone calls.

27. Effective June 30, 2012, Ms. O'Rourke's employment contract was not renewed.

28. Ms. O'Rourke's position of Director of Human Resources was then filled by a man, whose salary for the position was approximately $80,000 annually. Ms. O'Rourke's replacement was hired to do the same job Ms. O'Rourke had been doing, under the same conditions, with the exception that Ms. O'Rourke's replacement has a larger support staff than she did.

29. Dr. Barcelo and Ms. Pacheco were in positions of authority and directives regarding such actions were made and carried out by them. Dr. Barcelo and Ms. Pacheco were also in such positions of authority that they could have prevented or corrected such inappropriate actions.

30. All actions by Dr. Barcelo and Ms. Pacheco were taken within the course and scope of their employment.

## Count One:
## For Violation of Title VII of the Civil Rights Act of 1964

31. Paragraphs 1 through 30 are re-alleged as if fully stated here.

32. Defendants did not pay Ms. O'Rourke in accordance with her skill, education, or expertise.

33. By continuing to pay Ms. O'Rourke a salary that it was aware was inconsistent with her skill, education, expertise, and position, Defendants limited or classified Ms. O'Rourke's employment in such a way as to deprive her of employment opportunities.

34. Defendants' treatment of Ms. O'Rourke constitutes discrimination with respect to her compensation, terms, conditions or privileges of employment on the basis of her race and constitutes violation of Title VII of the Civil Rights Act of 1964.

35. Defendants have discriminated against Ms. O'Rourke based on her opposition to their unlawful employment practices or because of her EEOC Complaint.

## Count Two:
## For Violation of the Equal Pay Act

36. Paragraphs 1 through 35 are re-alleged as if fully stated here.

37. Defendants paid Ms. O'Rourke less than they paid her replacement.

38. Ms. O'Rourke and her replacement performed the same job, in the same facility, the performance of which required equal skill, effort, and responsibility and which were performed under similar working conditions.

39. Defendants were aware that the salary paid to Ms. O'Rourke was inappropriately low given her education, experience, and skill; and given the responsibility assigned to the position she held.

40. Defendants' payment to Ms. O'Rourke of this reduced wage was not based upon a seniority system, a merit system, a system that measured earnings by quantity or quality of production, or upon any other differential based on any factor other than sex.

WHEREFORE, Ms. O'Rourke prays the court to hold a jury trial and:

A. Award judgment in Ms. O'Rourke's favor against NNMC on each of her claims;

B. Award Ms. O'Rourke actual and special damages in an amount to be determined at trial;

C. Award Ms. O'Rourke attorneys' fees and costs as permitted by law;

D. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

JONES, SNEAD, WERTHEIM & CLIFFORD, P.A.

By: /s/ Samuel C. Wolf
Samuel C. Wolf
1800 Old Pecos Trail
Santa Fe, NM 87504
Tel. (505) 982-0011
sam@thejonesfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October, 2013, I e-filed and served the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means:

Mark A. Basham, Esq.
Basham & Basham, PC
2205 Miguel Chavez Road,
Suite A
Santa Fe, New Mexico 87505

      /s/ Samuel C. Wolf