**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

NANCY K. O'ROURKE,

     **Plaintiff,**

v.                                  **Case No. 13-CV-00193 RB/LAM**

NORTHERN NEW MEXICO COLLEGE,

     **Defendant.**

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RESPONSES
TO SPECIFIED DISCOVERY; OR, FOR SANCTION**

**COMES NOW** the Defendant Northern New Mexico College ("NNMC"), by and through its undersigned counsel, and for its Response to Plaintiff's Motion to Compel Responses to Specified Discovery; or, for Sanctions, states as follows:

Plaintiff's First Set of Interrogatories to Defendant Nancy Barcelo

Plaintiff served her First Set of Interrogatories to Defendant Nancy Barcelo on January 7, 2014. *See* Certificate of Service [DOC 33]. On January 21, 2014, Defendants filed an Unopposed Motion to Dismiss Individual Defendants and Memorandum of Law in Support. [DOC 35] In pertinent part, the Motion to Dismiss states: "Counsel for Defendants have conferred with counsel for Plaintiff to ascertain Plaintiff's position as to this motion. Counsel for Plaintiff informed counsel for Defendants that Plaintiff does not oppose the motion." *Id.* at p. 2. Nancy Barcelo was one of the individual Defendants named in this lawsuit. The District Court entered its Order Dismissing Individual Defendants with Prejudice on February 6, 2014. [DOC 37] In this Order, Nancy Barcelo was specifically dismissed with prejudice from this action as an individual Defendant. Defendant Nancy Barcelo's Answers to Plaintiff's First Set of Interrogatories would have been due on or about February 6th but for the dismissal.

1

At all times, Plaintiff's counsel consent to Defendants' Unopposed Motion to Dismiss Individual Defendants and Memorandum of Law in Support served as a settlement between Plaintiff and Defendant Nancy Barcelo. And all discovery obligations Defendant Barcelo would have had to discharge ceased upon the Court's Order dismissing her from the case on February 6, 2014. To require Defendant NNMC to respond to discovery directed against another Defendant who has since been dismissed with prejudice from the case runs afoul of the policies encouraging settlement. *See, Stewart v. M.D.F., Inc.,* 83 F.3d 247, 252 (8th Cir. 1996)("The judicial policy favoring settlement, ... , rests on the opportunity to conserve judicial resources, not expend them further.")(internal citation omitted). *See also, Mathewson Corp. v. Allied Marine Indus., Inc.,* 827 F.2d 850, 852 (1st Cir. 1987)("We start by lauding the prudential policy favoring settlement as a preferred alternative to costly, time-consuming litigation. As any litigator or judge can attest, the best case is a settled case.") It is important to note that Plaintiff never served this particular set of interrogatories onto Defendant NNMC. To litigate matters involving a settled individual Defendant is a waste of judicial resources. Plaintiff provides no explanation whatsoever as to why she did not propound the similar interrogatories onto Defendant NNMC following the dismissal with prejudice of Defendant Barcelo. As a result, Defendant NNMC is not required to assume discovery obligations for individual Defendants who are no longer parties to this action. The instant discovery motion must be denied in this respect.

Plaintiff's Second Set of Interrogatories to Defendant NNMC

Defendant NNMC served its Answers to Plaintiff's Second Set of Interrogatories to Plaintiff on May 22, 2014. *See also,* Certificate of Service [DOC 49] Hence, Defendant fully responded to these Interrogatories prior to the time of the filing of Plaintiff's discovery motion,

and the instant motion does not address the inadequacy of the discovery response. Plaintiff's discovery motion must be denied.

Plaintiff's Second Set of Requests for Production to Defendant NNMC.

Defendant NNMC served its Responses to Plaintiff's Second Set of Requests for Production to Plaintiff on May 22, 2014. *See also,* Certificate of Service [DOC 49] Plaintiff's Second Requests for Production consisted of two Requests for Production. Request for Production No. 21 was fully responded to prior to the time of the filing of Plaintiff's discovery motion, and the instant motion does not address the inadequacy of the discovery response. So Defendant NNMC is not required to respond. The second Request for Production stated: "Please provide copies of all documents identified in Dr. Nancy Barcelo's response to Interrogatory No. 15." This Interrogatory No. 15 was part of the First Set of Interrogatories to Defendant Nancy Barcelo served on January 7, 2014. [DOC 33]. As stated previously, Defendant Nancy Barcelo was dismissed with prejudice from this lawsuit at the time her discovery responses were due. Therefore, Defendant Barcelo was not required to answer those Interrogatories directed against her. By the same token, Defendant NNMC was not required to respond to a Request for Production originally served on an individual Defendant who is no longer a party to this action. Plaintiff's motion must be denied.

Plaintiff's Interrogatory No. 9 to Defendant NNMC.

Defendant's counsel never acted in bad faith regarding any discovery answer related to the surveys. Contrary to Plaintiff's assertions, Defendant's counsel never "Feigned Confusion" over the surveys. Defendant's counsel May 15, 2014 "good faith" letter provided a detailed explanation for the confusion. A true and correct copy of this letter is *attached hereto* as Exhibit A. Throughout these proceedings, the production of NNMC documents has been hampered by

(1) poor record-keeping and (2) constant personnel turnover. With respect to the surveys themselves, Defendant's counsel mistakenly assumed that Karen Stone was responsible for both surveys. Survey Monkey is computer program available on-line that can be tailor-made to suit a particular client's needs. In addition, NNMC hired Ms. Stone, an outside consultant, to do the salary survey. Because both surveys came from outside sources, it was perfectly natural to assume that NNMC contracted with Stone for all its surveying needs. As both surveys were generated at the same time period, Defendant's counsel was confused. The confusion has since been cleared up. Defendant NNMC has since produced all documents related to Survey Monkey. See, Defendant NNMC's Third Supplemental Responses to Plaintiff's First Set of Interrogatories to Defendant NNMC; see also, Certificate of Service [DOC 51] **To alleviate any concerns for prejudice, Defendant NNMC will make Carmela Sanchez available for deposition.** Plaintiff's Motion to Compel must be denied.

<u>Plaintiff's Request for Production No. 4 to Defendant NNMC.</u>

Plaintiff seeks an adverse inference of spoliation as a discovery sanction in connection for this Request for Production.

Plaintiff's Request for Production No. 4 stated: "Please provide copies of all salary surveys or audits performed by NNMC, or contracted for by NNMC, including any surveys conducted internally, during the past ten years." Defendant's counsel May 15, 2014 "good faith" letter explained that the salary surveys could not be located after a reasonable records search. (Again, locating dated records are hampered by poor record-keeping and employee turnover.) Since the salary survey could not be located on site at NNMC, Defendant's counsel contacted Bernie Padilla of NNMC to call Karen Stone for copies of the salary survey. The May 15th "good faith" letter also explained Bernie Padilla did not contact Ms. Stone as promised but noted

4

Mr. Padilla's recent efforts at contacting Karen Stone. As of this writing, Mr. Padilla did reach Ms. Stone, but Stone said that the survey is in the possession of another independent contractor who is now on vacation. Defendant's counsel will continue to follow-up. However, the requested surveys are in the possession of third parties which NNMC has no control over.

No bad faith is present under these circumstances to justify the imposition of an adverse inference.

> An adverse inference is a powerful sanction as it "brands one party as a bad actor" and "necessarily opens the door to a certain degree of speculation by the jury, which is admonished that it may infer the presence of damaging information in the unknown contents of an erased audiotape." ... Therefore, courts require evidence of intentional destruction or bad faith before a litigant is entitled to a spoliation instruction. ... "Mere negligence in losing or destroying evidence is not enough because it does not support an inference of consciousness of a weak case."

*Henning v. Union Pac. Rwy. Co.*, 530 F.3d 1206, 1219-20 (10th Cir. 2008) *citing Aramburu v. The Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997)(internal citations omitted.) Here, Defendant NNMC's inability to locate or retain the salary survey at its facilities is simply negligence on its part. NNMC's difficulties at obtaining the salary survey from a third party were equally negligent. Plaintiff's Motion fails to describe how Defendant NNMC has acted intentionally. Indeed, Plaintiff's discovery motion to compel makes no factual assertions that NNMC had possession of the complained-of salary survey but lost or destroyed it when Plaintiff made her claim. Likewise, Plaintiff has not shown how she has been prejudiced. *See, Turner v. Public Serv. Co. of Colorado*, 563 F.3d 1136, 1150 (10th Cir. 2009)(any prejudice suffered by the movant must be actual and not theoretical.) As stated previously, Defendant NNMC is still in the process of obtaining the salary survey from a third party. When acquired, the salary survey will be produced. Because Plaintiff has suffered no prejudice, her discovery motion must be denied.

<u>Defendant NNMC's Pattern or Practice of Disregarding Discovery Obligations</u>

Plaintiff refers to two instances of how Defendant NNMC has engaged in a pattern or practice of disregarding its discovery obligations. Both instances have reasonable explanations.

As for the Rule 30(B)(6) deposition, Defendant NNMC listed two Rule 30(B)(6) witnesses: Susan Meredith and Bernie Padilla. See, Notices To Take Deposition Pursuant to Rule 30(B)(6) of the Federal Rules of Civil Procedure for Bernie Padilla and Susan Meredith, attached hereto as Exhibits B & C, respectively. Susan Meredith is no longer employed at NNMC. Nevertheless, Ms. Meredith was listed as a Rule 30(B)(6) witness since she was Comptroller and then promoted to Chief of Staff of NNMC during the time of the complained-of events and may have had personal knowledge regarding the Human Resources office. In addition, Bernie Padilla was listed as a Rule 30(B)(6) witness, but Plaintiff's counsel never questioned him on anything related to the history of the Human Resources office. Plaintiff had two (2) bites at the apple. If Plaintiff was unsatisfied with Ms. Meredith as a Rule 30(B)(6) witness, then Plaintiff could have fully deposed Mr. Padilla in his capacity as Rule 30(B)(6) witness. She chose not to for reasons of her own. Plaintiff's pattern or practice allegations are unfounded.

As for the budgets, Defendant NNMC believed only hard copies of some of the budgets were available. During the document inspection at NNMC, Plaintiff's counsel noticed that the budget hard copies appeared to have been computer print-outs. Defendant's counsel agreed and inquired further with NNMC personnel. As a result, NNMC personnel were able to locate the budgets in electronic form, and these budgets were subsequently copied on a thumb drive and provided to Plaintiff's counsel. Again, poor record-keeping and employee turnover hampered document production in this case. Nevertheless, the on-site document inspection proved

beneficial in addressing outstanding discovery concerns and evidenced an instance of the attorneys working together in good faith. No pattern or practice of discovery abuse is evident under these facts.

**WHEREFORE**, the Defendant NNMC respectfully requests that the Court deny Plaintiff's Motion to Compel Responses to Specified Discovery; or, for Sanctions, and for such other and further relief that the Court deems is appropriate.

Respectfully Submitted,

*/s/ Mark A. Basham  6/11/14*
Mark A. Basham
Basham & Basham, P.C.
Attorneys for the Defendants
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
(505) 988-4575
mbasham@bbpcnm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2014, I e-filed and served the foregoing electronically through the CM/ECF system, which caused the following parties of counsel to be served by electronic means:

Samuel C. Wolf, Esq.,
Jones, Snead, Wertheim & Clifford, P.A.
Attorneys for Plaintiff
1800 Old Pecos Trail
Santa Fe, New Mexico 87504

*/s/ Mark A. Basham*
Mark A. Basham

# BASHAM & BASHAM, P.C.

## ATTORNEYS AT LAW

May 15, 2014

<u>**SENT VIA FACSIMILE (505) 989-6288**</u>

Samuel C. Wolf
The Jones Firm
P.O. Box 2228
Santa Fe, NM 87504-2228

RE:   *Nancy O'Rourke v. Northern New Mexico College, et al.*
      Case# 13-CV-193 RHS/ACT

Dear Mr. Wolf:

This letter serves as a good faith attempt to resolve a discovery dispute under the applicable discovery rules.

I have reviewed your letter dated May 8, 2014 regarding your discovery concerns about Defendant NNMC's discovery responses.

I will address each of your concerns in the order outlined in your letter.

<u>Plaintiff's First Set of Interrogatories to Defendant Nancy Barcelo, Plaintiff's Second Set of Interrogatories to Defendant NNMC & Plaintiff's Second Set of Requests for Production to Defendant NNMC.</u>   During the time these discovery requests were propounded, the parties had discussed dismissing the individual Defendants from this action. Ultimately, the Court entered an Order Dismissing Individual Defendants With Prejudice on February 6, 2014. Since Nancy Barcelo was an individual Defendant, the entry of the dismissal order obviated the need to answer Plaintiff's First Set of Interrogatories directed towards her. For the same reasons, the same dismissal order obviated the need to respond to Request for Production No. 22 of Plaintiff's Second Set of Requests for Production. After all, this request for production specifically referred to Interrogatory No. 15 of Plaintiff's First Set of Interrogatories to Defendant Nancy Barcelo. As for the remaining discovery requests, through inadvertence, these requests were not calendared. These responses are now in the process of being drafted. You should be receiving the remaining discovery responses no later than Thursday, May 22nd.

<u>Plaintiff's Interrogatory No. 8 to Defendant NNMC.</u> Our Answer to this Interrogatory is self-explanatory. No stated policies or procedures regarding the retention and storage of

EXHIBIT
A

electronic information simply mean no stated policies and procedures. The questions you raise are abstract and hypothetical and presume some kind of policy was in place. No policies or procedures were in place. Since this interrogatory never asked for the information you seek in the second paragraph of p. 2 of your letter, no supplemental answer is required under the applicable discovery rules.

Plaintiff's Interrogatory No. 9 to Defendant NNMC. No false answers were given in connection with Defendant NNMC's interrogatory answer. In this case, two types of surveys were at issue. The salary surveys were implemented by Karen Stone. Survey Monkey was the other survey utilized at NNMC. Confusing the two at times in this litigation was sometimes inevitable but always inadvertent. Survey Monkey is an on-line computer program. Survey Monkey is administered and implemented by the outside company that owns this software. The person at NNMC who gathered the information for use in the Notice of Contemplated Action dated August 17, 2011 was Carmela Sanchez.

Plaintiff's Request for Production No. 4 to Defendant NNMC. At all times, Defendant NNMC undertook a search of its records for the requested documents but did not find any documents responsive to this request. This statement is accurate. Since this request for production never asked for the information you seek in the first paragraph of p. 3 of your letter, no supplemental answer is required under the applicable discovery rules. In addition, no false answers were given in connection with Defendant NNMC's request for production response. Bernie Padilla was asked to contact Karen Stone for the requested salary surveys. He did not do so in a timely manner. He has since sent two emails, and Mr. Basham provided him with the contact number you have provided. This inadvertence has now been rectified. As for the concerns over Exhibit K, this case involved two types of surveys were at issue. The salary surveys were implemented by Karen Stone. Survey Monkey was the other survey utilized at NNMC. Confusing the two at times in this litigation was sometimes inevitable but always inadvertent. Regardless, you have demanded that Defendant NNMC produce documents separate and apart from what were requested in Request for Production No. 4. Defendant NNMC is under no obligation to produce such documentation under the applicable discovery rules.

Plaintiff's Request for Production No. 5 to Defendant NNMC. Defendant NNMC will be producing copies of documents reflecting complaints from those employees identified by Bernie Padilla during his deposition. Also, Defendant NNMC will be producing copies of documents reflecting complaints currently in the possession of Defendant NNMC's present counsel. These documents will be sent to you under separate cover.

General Issues. This portion of the letter is unclear. You have not demanded that Defendant NNMC supplement an interrogatory answer or a request for production response. I do not see how you can take issue with Bernie Padilla when he failed to recognize whether a hard copy of a document could conceivably come from an electronic source. This revelation proved the usefulness of the trip to Espanola. As for our Rule

30(b)(6) witness, the questions you raise are common ones with respect to organizational witnesses. Clearly, no pattern or practice of discovery abuse is evident in the case.

As always, please feel free to contact me at (505) 988-4575 if you have any questions. Thank you.

Sincerely,

Joseph L. Romero

```
TRANSMISSION VERIFICATION REPORT
```

TIME   : 05/15/2014 14:31
NAME   : BASHAMBASHAM PC
FAX    : 5059926170
TEL    : 5059884575
SER.# : BROM5J408362

| | |
|---|---|
| DATE,TIME | 05/15  14:30 |
| FAX NO./NAME | 9896288 |
| DURATION | 00:01:06 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY K. O'ROURKE,

      Plaintiff,

v.                                  Civ. No. 13-CV-193-RB/LAM

NORTHERN NEW MEXICO COLLEGE,

      Defendant.

## NOTICE TO TAKE DEPOSITION PURSUANT TO RULE 30(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE

TO:   Bernie Padilla
       c/o Mark Basham
       2205 Miguel Chavez, St. A
       Santa Fe, NM 87505

     PLEASE TAKE NOTICE that pursuant to the provisions of Rule 030(b)(6) of the

Federal Rules of Civil Procedure, Plaintiff will take the deposition of Bernie Padilla

beginning at **1:00 p.m. on April 30, 2014,** at the **Northern New Mexico College 921 N**

**Paseo De Onate, Española, NM 87532.**

     PLEASE TAKE FURTHER NOTICE that the deposition will be taken upon oral

examination before a court reporter or some other person authorized by law to administer

oaths at depositions. This deposition will be recorded by stenographic record, and

Plaintiff hereby provides notice that this deposition may be used for any and all purposes

permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.



EXHIBIT

B

The deponent is named based on the representation that Mr. Padilla is best able to testify about information known or reasonably available to NNMC with regard to the categories listed on **Exhibit A**, attached hereto.

Dated __April 23__, 2014.

Respectfully submitted:

JONES, SNEAD, WERTHEIM
& CLIFFORD, P.A.
Attorneys for Plaintiffs

By_____
SAMUEL C. WOLF
Post Office Box 2228
Santa Fe, New Mexico 87504-2228
(505) 982-0011

## CERTIFICATE OF SERVICE

It is hereby certified that on the __23__ day of April, 2014, a true copy of the foregoing Notice to Take Deposition Duces Tecum was mailed to Mark Basham at mbasham@bbnmpc.com.

_____
SAMUEL C. WOLF

## EXHIBIT A
### To Notice of Deposition for Bernie Padilla

1. The process of budgetary decisions, particularly with regard to setting salaries;

2. The history of discrimination complaints against NNMC during the past 10 years;

3. Responsibility for hiring and promotion decisions, including but not limited to responsibility for ensuring compliance with NNMC policies and procedures and development of job descriptions;

4. The history of the position of Director of HR for NNMC during the past 10 years;

5. Compliance with federal regulations including Title VII and EPA.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


NANCY K. O'ROURKE,

      Plaintiff,

v.                                       Civ. No. 13-CV-193-RB/LAM

NORTHERN NEW MEXICO COLLEGE,

      Defendant.


## NOTICE TO TAKE DEPOSITION PURSUANT TO RULE 30 and Rule 30(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE


TO:    Susan Meredith
       c/o Mark Basham
       2205 Miguel Chavez, St. A
       Santa Fe, NM 87505


      PLEASE TAKE NOTICE that pursuant to the provisions of Rule 30 and Rule

30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff will take the deposition of

Susan Meredith beginning at **1:00 p.m. on April 29, 2014,** at the **offices of Jones,**

**Snead, Wertheim & Clifford, P.A., located at 1800 Old Pecos Trail, Santa Fe, NM,**

**87505.**

      PLEASE TAKE FURTHER NOTICE that the deposition will be taken upon oral

examination before a court reporter or some other person authorized by law to administer

oaths at depositions.  This deposition will be recorded by stenographic record, and

Plaintiff hereby provides notice that this deposition may be used for any and all purposes

permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.



EXHIBIT

C

The deponent is named based on the representation that Ms. Meredith is best able to testify about information known or reasonably available to NNMC with regard to the categories listed on **Exhibit A**, attached hereto; and on Ms. Meredith's personal knowledge of the matters at issue in this case.

Dated  April 23,  , 2014.

Respectfully submitted:

JONES, SNEAD, WERTHEIM
& CLIFFORD, P.A.
Attorneys for Plaintiffs

By

SAMUEL C. WOLF
Post Office Box 2228
Santa Fe, New Mexico 87504-2228
(505) 982-0011

## CERTIFICATE OF SERVICE

It is hereby certified that on the 23rd day of April, 2014, a true copy of the foregoing Notice to Take Deposition was emailed to Mark Basham at mbasham@bbnmpc.com.

SAMUEL C. WOLF