IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANCY K. O'ROURKE,

        Plaintiff,

v.                                                No. 13cv0193 RB/LAM

NORTHERN NEW MEXICO COLLEGE,

        Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [*Doc. 50*]

**THIS MATTER** is before the Court on *Plaintiff's Motion to Compel Responses to Specified Discovery[] or, for Sanctions (Doc. 50)*, filed May 27, 2014. Northern New Mexico College (hereinafter, "Defendant") filed a response to the motion on June 11, 2014 [*Doc. 52*], and Plaintiff filed a reply on June 26, 2014 [*Doc. 53*]. This case involves allegations of discrimination on the basis of race and for retaliation, under Title VII, and for violation of the Equal Pay Act. *See* First Amended Complaint [*Doc. 17*]. Plaintiff makes the following contentions in her motion to compel: (1) that Defendant failed to respond to Plaintiff's First Set of Interrogatories to Dr. Barcelo, Second Set of Requests for Production to Northern New Mexico College, and First Set of Interrogatories to Northern New Mexico College (*Doc. 50* at 3-4); (2) that Defendant failed to adequately respond to Interrogatory Nos. 4 and 9 regarding two surveys (*id.* at 4-12); and (3) that Defendant engaged in a general pattern and practice of obstruction and failure to meet its discovery obligations (*id.* at 12-13). Plaintiff asks the Court to compel Defendant to respond to all unanswered discovery, permit an adverse inference jury instruction with regard to the surveys, and pay Plaintiff's costs and fees associated with these discovery issues. *Id.* at 13.

Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **GRANTED in part** and **DENIED in part**.

### A. Interrogatories and Requests for Production Regarding Dr. Barcelo

Plaintiff first contends that Defendant failed to respond to Plaintiff's first set of interrogatories to Dr. Barcelo, second set of requests for production (hereinafter "RFP") to Defendant, and first set of interrogatories to Defendant, which were served on January 7, 2014. [*Doc. 50* at 3].[1] Plaintiff objects to Defendant's position that it is not required to respond to the interrogatories served on Dr. Barcelo or the portions of the RFPs regarding Dr. Barcelo's answers to interrogatories because Dr. Barcelo has been dismissed as a defendant. *Id.* at 3-4. Plaintiff states that she would not have agreed to the dismissal of Dr. Barcelo if she had known that Defendant would refuse to respond to these discovery requests once Dr. Barcelo had been dismissed. *Id.* at 4.

In response, Defendant states that no responses are required to the first set of interrogatories served on Dr. Barcelo, or the portions of the second set of RFPs served on Defendant that requested production of documents relevant to Dr. Barcelo's interrogatory responses, because Dr. Barcelo was dismissed as an individual defendant on February 6, 2014, which is the day the discovery responses were due. [*Doc. 52* at 1-3]. Defendant further states that it has fully responded to Plaintiff's second set of interrogatories to Defendant. *Id.* at 2-3.

In reply, Plaintiff states that Dr. Barcelo's dismissal from the case did not make her immune from discovery and, thus, Plaintiff asks the Court to compel Dr. Barcelo to respond to the

---

[1] The Court notes that Plaintiff contends that Defendant failed to respond to the first set of interrogatories to Defendant, and then discusses a second set of interrogatories served on Defendant. *See* [*Doc. 50* at 3-4]. Regardless, it appears that this issue has been resolved because Plaintiff states in her reply that only the interrogatories served on Dr. Barcelo are still at issue. *See* [*Doc. 53* at 3].

2

discovery served on her on January 7, 2014. [*Doc. 53* at 1-3]. Plaintiff states that she has received Defendant's responses to Plaintiff's second set of interrogatories (*id.* at 3), but does not address the RFPs served on Defendant, so it appears that those discovery requests have now been resolved.

The Court finds that Plaintiff's motion to compel with regard to these discovery requests are without merit. First, the Court notes that Plaintiff fails to attach to her motion a copy of the interrogatories or RFPs that are at issue, in violation of the Court's Local Rule 37.1(a) ("A party seeking relief pursuant to Fed. R. Civ. P. 26(c) or 37(a) <u>must</u> attach to the motion a copy of [the discovery requests at issue] and . . . the response or objection thereto.") (emphasis added). Regardless, Plaintiff's motion to compel a non-party to respond to interrogatories is improper under the Federal Rules of Civil Procedure. Rule 33 allows a party to serve interrogatories on another <u>party</u> to the case. Fed. R. Civ. P. 33(a)(1) ("[A] party may serve on any other party . . . written interrogatories."). Moreover, Rule 37 allows a party to move for an order to compel a discovery response when "<u>a party</u> fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii) (emphasis added). While Dr. Barcelo was a party to the case when Plaintiff served her interrogatories on her, her dismissal from the case renders Plaintiff's discovery requests to her under Rule 33 moot. *See Orion Ethanol, Inc. v. Evans*, No. 08-1180-JTM-DWB, 2009 WL 5205965, at *3 (D.Kan. Dec. 22, 2009) (unpublished) ("Because the GreenHunter and Evans Defendants are no longer parties in this case, Plaintiff cannot pursue discovery against them in this case *by the previously served (or future) document requests, interrogatories, or notices to take depositions* . . . [and, therefore,] the court can not [sic] now grant Plaintiff's motion to compel and the motion is denied."); *see also Kellan v. Holster,* 518 F. Supp. 175, 179 (M.D. Fla. 1981) (finding that when a party is dismissed from a lawsuit,

discovery motions related to that party are rendered moot); *Vickers v. Gray & Co.,* 761 F. Supp. 37, 39 (E.D. Tex. 1991) (same). The appropriate procedure to obtain discovery from a non-party is by issuing a subpoena pursuant to Rule 45, which it does not appear Plaintiff did when Dr. Barcelo was dismissed. Even though Plaintiff contends she would not have agreed to the dismissal of Dr. Barcelo if she had known that Dr. Barcelo would no longer be subject to the Court's jurisdiction for discovery requests regarding parties to the case, Plaintiff provides the Court with no authority that Rules 33 and 37 apply to non-parties, or that a former party would be subject to those rules after dismissal from the case. The Court, therefore, will deny Plaintiff's motion for Dr. Barcelo to respond to the discovery served on her on January 7, 2014.

### B.  Interrogatory Nos. 4 and 9

Plaintiff next contends that Defendant failed to properly respond to Interrogatory Nos. 4 and 9, regarding surveys performed by Defendant or by Ms. Stone, who was hired by Defendant as a contractor. [*Doc. 50* at 4]. Plaintiff contends that Defendant responded to these interrogatories by stating that it had been unable to locate the surveys, that it requested the documents from Ms. Stone, and that it would supplement its response to this RFP. *Id.* at 5. Plaintiff states that, on March 24, 2014, Defendant supplemented its response with pages from a "Survey Monkey" survey, implying that Ms. Stone had provided the documents. *Id.* Plaintiff contends that Defendant's conduct was deceptive because Defendant had not requested the documents from Ms. Stone, and because Defendant knew that Ms. Sanchez was responsible for the Survey Monkey survey, not Ms. Stone, which was confirmed by Ms. Stone herself. *Id.* Plaintiff states that she has been prejudiced by Defendant's actions because the survey by Ms. Stone is now unavailable to her, and because she did not know earlier that Ms. Sanchez was the person responsible for the

4

Survey Monkey survey. *Id.* at 7-8. Plaintiff asks the Court to enter "an adverse inference instruction with regard to the surveys at trial." *Id.* at 13.

In response, Defendant states that "Defendant's counsel mistakenly assumed that Karen Stone was responsible for both surveys," but that the confusion has since been cleared up and Defendant has produced all documents related to the Survey Monkey survey in response to Interrogatory No. 9, and that Defendant will make Ms. Sanchez (the person responsible for the Survey Monkey survey) available for deposition. [*Doc. 52* at 4]. With regard to Interrogatory No. 4 and the survey conducted by Ms. Stone, Defendant states that Ms. Stone "said that the survey is in the possession of another independent contractor who is now on vacation," and that Defendant's counsel will continue to follow up. *Id.* at 5. Defendant contends that it did not engage in bad faith with regard to its responses to these interrogatories.

In reply, Plaintiff restates her contention that Defendant has acted with bad faith with regard to its responses to Interrogatory Nos. 4 and 9. [*Doc. 53* at 3-7]. Plaintiff states that she "renews her request for sanctions including but not limited to an adverse inference," and that she "will consider the possibility of conducting a deposition on the subject of the surveys and NNMC's internal handling of such surveys under Rule 30(b)(6)." *Id.* at 7.

Again, the Court notes that Plaintiff has failed to attach to her motion a copy of the interrogatories or responses that are at issue, in violation of the Court's Local Rule 37.1(a). Nevertheless, because Plaintiff includes a summary of the interrogatories and Defendant's responses, and because the content of the interrogatories or responses is not in dispute, the Court will consider the motion to compel in spite of Plaintiff's failure to comply with the Court's local rules. Defendant states that it has fully responded to Interrogatory No. 9 because it has "produced all documents related to Survey Monkey" and it will make Ms. Sanchez available for a deposition.

[*Doc. 52* at 4]. Plaintiff fails to show how this response is inadequate or prejudices Plaintiff, other than stating that discovery has ended and that the deposition should be under Rule 30(b)(6). The Court, therefore, will deny Plaintiff's motion to compel with regard to Interrogatory No. 9, and will require Defendant to make Ms. Sanchez available for a Rule 30(b)(6) deposition that Plaintiff may provide notice of **no later than 21 days after entry of this order.**

With regard to Interrogatory No. 4, Defendant admits that it did not accurately respond to this discovery request because of confusion regarding the two surveys. The Court, therefore, will grant Plaintiff's motion to compel for this request, and will require Defendant to provide to Plaintiff the survey responsive to Interrogatory No. 4 - which appears to be the survey conducted by Ms. Stone - **no later than ten (10) days after entry of this Order** - even though it may be "in the possession of another independent contractor." [*Doc. 52* at 5]. In addition, if Plaintiff would like to re-depose Ms. Stone with regard to the survey she conducted after it is produced to Plaintiff, Plaintiff may send notice of a second deposition of Ms. Stone **no later than 21 days after the survey is produced to Plaintiff**.

The Court further finds that Plaintiff fails to make an adequate showing for sanctions with regard to these interrogatories. While Defendant admits that its request to Ms. Stone for the survey she conducted was delayed, Plaintiff fails to show that this delay was purposeful or done in bad faith. In the May 15, 2014 letter from Defendant's counsel to Plaintiff's counsel, Defendant explained that there was confusion regarding the survey by Ms. Stone and the Survey Monkey survey (*see Doc. 52* at 9), and Defendant has stated that it would supplement its answer to Interrogatory No. 4 (*id.* at 5). The Court, therefore, finds that Plaintiff has failed to demonstrate prejudice from this delay at this point, especially if Ms. Stone's survey is produced in the near future. In addition, in order to obtain an adverse inference instruction for the jury, Plaintiff must

show that Defendant acted in bad faith. *See Oldenkamp v. United American Ins. Co.*, 619 F.3d 1243, 1250-51 (10th Cir. 2010). The Court finds that Plaintiff has made no such showing at this time. If, however, Defendant fails to produce the survey referenced in Interrogatory No. 4, Plaintiff may renew her request for sanctions at that time.

### C.   Plaintiff's Allegations of Defendant's Failure to Meet Discovery Obligations

Finally, Plaintiff contends that Defendant has demonstrated a pattern of failing to meet its discovery obligations. In support of this contention, Plaintiff states that one of the persons designated by Defendant as its Rule 30(b)(6) deponent, Ms. Meredith, stated that she did not know why she had been so designated and that she was not asked to prepare for the deposition. *Id.* at 12. Plaintiff further states that Defendant told Plaintiff that budget and audit documents were only in paper form, however, when Plaintiff's counsel traveled to Espanola to view the documents, Defendant admitted they were available digitally and could be produced. *Id.* at 12-13. Plaintiff asks the Court to order Defendant to pay Plaintiff's costs and fees incurred in addressing these discovery issues. *Id.* at 13.

In response, Defendant states that it listed Ms. Meredith as one of two Rule 30(b)(6) witnesses because she was Comptroller and Chief of Staff during the relevant time period and may have had personal knowledge regarding Plaintiff's claims. *Id.* at 6. Defendant further states that it believed that only hard copies of some of the budgets were available, and it was not until Plaintiff's counsel noticed that the hard copies were computer print-outs that Defendant was able to locate the budgets in electronic form. *Id.* Defendant states that "poor record-keeping and employee turnover hampered document production in this case." *Id.*

The Court finds that Plaintiff's allegations that Ms. Meredith was not prepared for her Rule 30(b)(6) deposition are conclusory as Plaintiff fails to state with any specificity what

questions she was unprepared or unable to answer. In addition, Plaintiff's allegation that Defendant acted in bad faith because Plaintiff was told that the budgets were in hard copy only, but it turned out that they were available in electronic form, is without merit. Such mistakes happen in discovery, and Plaintiff fails to show any intentionally misleading conduct by Defendant, or that Plaintiff's counsel was substantially burdened by having to travel from his offices in Santa Fe, New Mexico to Espanola, New Mexico. Moreover, Plaintiff does not demonstrate that Defendant was required to provide the budgets in electronic form instead of hard copies, and since Plaintiff failed to attach copies of the discovery request(s) related to these documents, the Court cannot independently ascertain that Plaintiff ever requested electronic versions of these documents. The Court, therefore, finds that Plaintiff has failed to make an adequate showing that Defendant should pay for Plaintiff's fees or costs and will deny this request.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Plaintiff's Motion to Compel Responses to Specified Discovery[] or, for Sanctions (Doc. 50)*, is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff may provide notice of a Rule 30(b)(6) deposition to Ms. Sanchez **no later than 21 days after entry of this order**.

2. Defendant shall provide to Plaintiff the survey conducted by Ms. Stone **no later than ten (10) days after entry of this Order**, and Plaintiff may send notice of a second deposition of Ms. Stone with regard to the survey she conducted **no later than 21 days after the survey is produced to Plaintiff**.

3. All other requests for relief are denied.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**