IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY K. O'ROURKE,

    Plaintiff,

v.                                           Case No. 13-CV-00193 RB/KK

NORTHERN NEW MEXICO COLLEGE,

    Defendant.

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY**

    **COMES NOW** the Defendant Northern New Mexico College ("NMMC"), by and through its undersigned counsel, and hereby respectfully submits Defendants' Motion in Limine to Exclude Evidence and Testimony pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 403.

**DISSIMILAR NNMC JOB POSITIONS**

    All evidence of dissimilar NNMC job positions must be excluded at the time of trial.

    In pertinent part, the Equal Pay Act ("EPA") states:

> [n]o employer … shall discriminate …between employees on the basis of sex by paying wages to employees … at a rate less than the rate at which he pays wages to employees of the opposite sex … for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex …

29 U.S.C. §206(d)(1).

    "To establish a prima facie case under the Equal Pay Act, Ferroni [the claimant] has the burden of proving that '(1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; [and] (3) the male

1

employees were paid more under such circumstances." *Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222,* 297 F.3d 1146, 1149 (10th Cir. 2002), *quoting Sprague v. Thorn Americas, Inc.,* 129 F.3d 1355, 1364 (10th Cir. 1997).

"The equal work requirement of the EPA is not to be construed broadly." *Nulf v. Int'l Paper Co.,* 656 F.2d 553, 560 (10th Cir. 1981). "'Like' or 'comparable' work does not satisfy this standard, and '[i]t is not sufficient that some aspects of the two jobs were the same.'" *Id.*

"Rather, in order to prevail in such an EPA action, the jobs must be substantially equal in terms of skill, effort, responsibility, and working conditions." *Sandoval v. Boulder Reg'l Commc'ns Ctr.,* 388 F.3d 1312, 1327-28 (10th Cir. 2004) *quoting Sprague,* 129 F.3d at 1364 (10th Cir. 1997).

"At the same time, the jobs need not be identical, but rather, they must be 'substantially equal.' … To satisfy her prima facie showing, there must be evidence that she [claimant] performed substantially all of the duties of a higher-paid co-worker, and not simply that a higher-paid co-worker took over some of her job duties." *Lewis v. D.R. Horton, Inc.,* Nos. 09-2032 & 09-2137, p. 10 (10th Cir. March 24, 2010)(citations omitted)(emphasis in original). "It is not sufficient that some aspects of the two jobs were the same. It is the overall job, not its individual segments, that must form the basis of comparison." *Nulf ,* 656 F.2d at 560-61.

The 10th Circuit has applied the "substantially equal" test on several occasions. *See, Sandoval,* 388 F.3d at 1328 (10th Cir. 2004)(Plaintiff did not make prima facie showing when her job at BRCC, an emergency dispatch center, was not comparable to a Captain in the Boulder County Sheriff's Department and not comparable to the BRCC Executive Director). *See also, Ferroni,* 297 F.3d at 1149 (10th Cir. 2002)(Plaintiff "has produced no evidence to show that her combination of organizer and business agent duties is substantially equal to the duties performed

by the male business agents".) *See also, Lewis,* Nos. 09-2032 & 09-2137, p. 12 (10th Cir. March 24, 2010)("We have found no evidence in the record that would allow a reasonable fact finder to conclude that Lewis and Anderson performed substantially equal work, and therefore, Lewis has failed to meet her prima facie showing.")(Chief Financial Officer not substantially equal to Controller).

In addition, the District of New Mexico utilizes the "substantially equal" test. *See, Thompson v. City of Albuquerque,* 950 F.Supp. 1098, 1103 (D.N.M. 1996)("Their job duties and responsibilities are vastly different, in that Plaintiff is responsible principally for the short-term health of domestic dogs and cats, whereas the two zoo vets are responsible for the continued long-term health of a wide variety of exotic animals, some of which are endangered and extremely valuable. Plaintiff is not a supervisor of any staff, is not responsible for keeping records on each animal, and does not work with nearly as much or as complex equipment.")

Finally, federal discrimination cases correlate with the EPA's "substantially equal" test.

On October 1, 2013, Plaintiff Nancy O'Rourke filed her First Amended Complaint for Damages for Violation of Title VII of the Civil Rights Act of 1964 and for Violation of the Equal Pay Act. [DOC 12] In pertinent part, Plaintiff's First Amended Complaint avers:

(1) "Ms. O'Rourke was employed as the Director of Human Resources at the Espanola campus on NNMC beginning in 2007"; and,

(2) "During this time period that Ms. O'Rourke's raise ostensibly could not be given due to budgetary reasons, other individuals were granted significant raises. With regard to being given such raises Hispanic men were disproportionately favored".

[DOC 17, ¶¶ 11, 18] In addition, Plaintiff also asserts that the following individuals she deems to be "equivalent professionals": "Individual deemed to be equivalent professionals include Ricky Serna, Special Assistant to the President; David Schultz, as Director of Capital Projects;

3

Frank Orona, as Director of Admission and Recreation and the Dean of Student Services; Alfredo Montoya, as Director of Financial Aid; Isabel Rodarte, as Director of the Library." *See,* Plaintiff's Answers to Defendants' First Set of Interrogatories No. 5, attached hereto as Exhibit A. Finally, Plaintiff Nancy O'Rourke held the position of Manager of Human Resources & Special Projects, a true and correct copy of this Job Description is attached hereto as Exhibit B. The NNMC's Manager of Human Resources & Special Projects has twelve (12) Essential Duties and Responsibilities. *Id.*

In the case at bar, Defendant's Motion in Limine must be granted since Plaintiff cannot make a prima facie showing that her job duties were "substantially equal" to other job positions held by males at NNMC. Her position as Manager of Human Resources & Special Projects is not substantially equal "in terms of skill, effort, responsibility, and working conditions" to the Special Assistant to the President, the Director of Capital Projects, the Director of Admission and Recreation, the Dean of Student Services, the Director of Financial Aid or the Director of the Library. A comparison of these jobs does not satisfy the "substantially equal" requirement. Such evidence is irrelevant to the issue of whether the complained-of jobs were "substantially equal". Likewise the admission of such evidence will only serve to confuse and mislead the jury.

Accordingly, the instant motion in limine must be granted in Defendant's favor in this respect.

**UNION GRIEVANCES FORMS**

Defendant NNMC has produced in discovery numerous union grievances forms. These grievance forms were filed by NNMC employees and were otherwise subject to a Collective Bargaining Agreement. The grievances contained in these forms are labor law matters only. Nothing in these forms implicates federal discrimination laws or the EPA. As such, these

grievance forms are irrelevant to the claims that will be heard before the jury. Furthermore, the admission of these grievance forms into evidence is prejudicial in that their vast number will serve to create a trial within a trial and confuse and mislead the jury. The inclusion into the record of numerous union grievance forms will only clutter the record and distract the jury from the main issues of the case. As a result, all union grievance forms must be excluded at the time of trial.

**MARK MEYERS' WITNESS TESTIMONY**

The Pretrial Order lists Mark Meyers as one of Plaintiff's witnesses. [DOC 48, p. 7] In particular, the Pretrial Order states: "Mr. Meyers may be called to testify regarding Ms. O'Rourke's work for the Department of Corrections following her departure from NNMC." *Id.* To date, it remains unclear if Mark Meyers will be called as a character witness or as a fact witness. To the extent that Meyers is called as a fact witness, no discovery to date has shown that he has any personal knowledge of the events underlying Plaintiff's complaint allegations. He cannot. As such, his testimony is irrelevant and must be excluded.

Counsel for Defendant has conferred with counsel for Plaintiff to ascertain Plaintiff's position as to this motion. Counsel for Plaintiff informed counsel for Defendants that Plaintiff does oppose the motion.

**WHEREFORE**, the Defendant NNMC respectfully request that the Court exclude evidence of dissimilar NNMC job positions and all union grievances and the testimony of Mark Meyers because such evidence is inadmissible under Fed. R. Evid. 401 and Fed. R. Evid. 403.

Respectfully Submitted,

*/s/ Mark A. Basham  10/20/14*
Mark A. Basham
Basham & Basham, P.C.
*Attorneys for Defendant*
2205 Miguel Chavez, Suite A
Santa Fe, New Mexico 87505
(505) 988-4575
mbasham@bbpcnm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of October, 2014, I filed the foregoing Defendant's Motion in Limine to Exclude Evidence and Testimony which caused counsel of record to be served by electronic means or by US Mail, as more fully reflected on the Notice of Electronic Filing:

Samuel C. Wolf, Esq.,
Jones, Snead, Wertheim & Clifford, P.A.
Attorneys for Plaintiff
1800 Old Pecos Trail
Santa Fe, New Mexico 87504
*Attorney for Plaintiff*

*/s/ Mark A. Basham*
Mark A. Basham